IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MARIO ARTURO CHANDLER,
          Plaintiff,

vs.                                                    3:07cv15/LAC/MD

LT. FELIX W. MAPLES, et al.
          Defendants.

_____

# O R D E R

Plaintiff has submitted his partial initial filing fee, and this cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983.  From a review of this complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named defendants.  The court will therefore allow the plaintiff an opportunity to refine his allegations in an amended complaint.

Plaintiff was incarcerated at Okaloosa Correctional Institution at the time the events giving rise to this complaint took place.  Named as defendants in this action are Lt. Feliz W. Maples, Sgt. Julian Jones, and Warden Donovan Hamilton.  Plaintiff alleges that on July 12, 2006, he requested an Officer Harshbarger, who is not a named defendant in this action, to place him in protective management.  Defendant Jones escorted him to the office of defendant Lt. Maples who asked plaintiff what the problem was.  Plaintiff indicated that he sought protective management because of incidents that had occurred between him and his work squad supervisor, Officer Jeffrey Pryor, who also is not a named defendant in this action.  Lt. Maples told plaintiff that he was not allowed to check into protective management and ordered plaintiff to return to work.  Plaintiff apparently refused, as Lt.

Maples told Sgt. Jones to put the plaintiff in handcuffs and write plaintiff a disciplinary report for refusing to work.  Plaintiff states that he has remained in confinement ever since. Plaintiff claims a violation of his equal protection rights and seeks monetary damages in the amount of $600 per day for the time he has been in confinement.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

    1.  whether the conduct complained of was committed by a person acting under color of state law; and

    2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), overruled on other grounds *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

From plaintiff's allegations, it is clear that he misapprehends the meaning of "equal protection."  To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Sweet v. Secretary, Dept. Of Corrections,* 467 F.3d 1311 (11th Cir. 2006) (citing *Jones v. Ray,* 279 F.3d 944, 946-947 (11th Cir. 2001); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)).  Plaintiff does not allege that he was similarly situated to other inmates or that he was treated in a discriminatory fashion based on a constitutionally protected interest.  Even a liberal interpretation of this pro se pleading does not reveal any factual basis for an equal protection claim. However, liberally construing the plaintiff's complaint, he may be alleging that Lt. Maples failed to protect him from harm from a staff member.  If that is in fact the case, his claim may arise under the Eighth Amendment, and he should frame it accordingly.

In any event, plaintiff would not be entitled to obtain the damages he seeks. Title 42 U.S.C. § 1997e(e) provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered

while in custody without a prior showing of physical injury."  Section 1997e(e) applies to all claims.  See *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (explaining that the plain language of § 1997e(e)"does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted"); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C.Cir.1998) (reasoning that "§ 1997e(e) precludes claims for emotional injury without any prior physical injury, regardless of the statutory or constitutional basis of the legal wrong"); see also *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (reading § 1997e(e)"as limiting recovery for mental or emotional injury in all federal civil actions brought by prisoners," and rejecting argument that First Amendment claims are exempt from the statutory limitation on recovery); *Thompson v. Carter*, 284 F.3d 411, 416 (2nd Cir. 2002) ("[W]e conclude that Section 1997e(e) applies to all federal civil actions including claims alleging constitutional violations."); *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3rd Cir. 2000) (rejecting argument that First Amendment claim for compensatory damages absent physical injury was outside the scope of the PLRA, because "[t]he plain language of § 1997e(e) makes no distinction between the various claims encompassed within the phrase 'federal civil action' to which the section applies"); but see *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (stating that "§ 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought") (footnote omitted).

Some courts have construed 1997e(e) to mean that even absent any showing of injury, whether physical, mental or emotional, actions for nominal or punitive damages or other relief are permissible.  *See e.g. Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (physical injury requirement does not apply to claims for declaratory or injunctive relief); *Searles v. Van Bebber*, 251 F.3d 869, 875-76, 878-80 (10th Cir. 2001) (plaintiff could recover punitive and nominal damages although compensatory damages award was vacated); *Nelson v. Horn*, 2005 WL 1526454 (3rd Cir. 2005) (§ 1997e(e) does not bar a claim for nominal damages, which need not be alleged in the complaint); *Allah v. Al-*

*Hafeez,* 226 F.3d 247, 252 (3rd Cir. 2000) (claim for punitive damages stemming from violation of First Amendment rights and not from emotional or mental distress suffered therefrom are not barred by § 1997e(e)); *Davis v. District of Columbia*, 158 F.3d 1342 (D.C. Dir. 1998) (claims for punitive and compensatory damages stemming from allegations of emotional and mental injury barred by § 1997e(e)); *Calhoun v. Detella*, 319 F.3d 936, 938 (7th Cir. 2003) (citing *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir.1999) (§ 1997e(e) does not apply to claims that are "neither mental nor emotional," however, it would be a "serious mistake to interpret § 1997e(e) to require a showing of physical injury in all prisoner civil rights suits."); *Cassidy v. Ind. Dep't of Corr.,* 199 F.3d 374, 376-77 (7th Cir. 2000) (damages for mental and emotional injuries barred, but prisoner may pursue all other claims for damages); *Zehner v. Trigg*, 133 F.3d 459, 4623 (7th Cir. 1997) (injunctive relief available); *Jarriett v. Wilson*, 414 F.3d 634, 639 n.5 (6th Cir. 2005) (declining to reach the question of whether injunctive relief is available).  Plaintiff in this case has not requested such relief.

It is not clear whether plaintiff seeks to challenge the disciplinary report and recover lost gain time. To the extent that plaintiff seeks damages for gain time lost pursuant to an allegedly unlawful DR conviction, his claim is premature based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct.  at 2372.  Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional. *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).  Absent such an invalidation, the section 1983 suit must be dismissed.  *Id*.; see also *Harden v. Pataki*, 320 F.3d 1289, 2003 WL 262474 (11th Cir.

2003); *Hughes*, 350 F.3d at 1160.  However, claims that challenge an administrative or disciplinary sanction that does not affect the overall length of a prisoner's confinement are not barred by *Heck*.  See *Muhammad v. Close*, 540 U.S. 749, 754, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004); *Peralta v. Vasquez,* 467 F.3d 98 (2nd Cir. 2006);  *Ramirez v. Galaza,* 334 F.3d 850 (9th Cir. 2003).

Although the warden of OCI, Donovan Hamilton, is named as a defendant in this action, there are no allegations in the complaint against him, and there is no apparent causal connection between him and the events complained of.  *Respondeat superior*, without more, does not provide a basis for recovery under section 1983.  *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995).  "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995);  *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991).  Thus, plaintiff has not stated a claim against Warden Hamilton.

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.   If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form that has been marked "Amended Complaint."   Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.   In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of

the alleged unconstitutional acts.    It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)*; GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998);  *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th  Cir. 1984).  If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.   In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he need not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Plaintiff has also filed a motion for appointment of counsel.  A district court has broad discretion, under 28 U.S.C. § 1915(d), in deciding whether to appoint counsel for indigent litigants in civil cases. *Killian v. Holt*, 166 F.3d 1156 (11th Cir. 1999).  Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Bass v. Perrin*, 170 F.3d 1712, 1720 (11th Cir. 1999).  In *Holt v. Ford,* 862 F.2d 850, 853 (11th Cir. 1989) the court stated that in determining whether to appoint counsel, the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel.  See also *Bass,*

*supra; Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)*; Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261-62 (5th Cir. 1986);  *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2nd Cir. 1986);  *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986);  *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981) (per curiam);  *cf. Caston v. Sears, Roebuck & Co*., 556 F.2d 1305, 1309 (5th Cir. 1977) (merits of case is factor in determining if district court abused discretion in denying appointed counsel in a Title VII case).   Another consideration is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).  It does not appear that the appointment of counsel is warranted at this juncture, and plaintiff's motion will be denied without prejudice.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C.  §1983.  This case number and the words "Amended Complaint" should be written on the form.

2.  The plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.   Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

4.  Plaintiff's motion for appointment of counsel (doc. 14) is DENIED without prejudice.

DONE AND ORDERED this 17th day of April, 2007.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**