IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARIO ARTURO CHANDLER,
    Plaintiff,

vs.                                              3:07cv15/LAC/MD

LT. FELIX W. MAPLES, et al.
    Defendants.

**O R D E R**

       Plaintiff has submitted his partial initial filing fee, and this cause is before the court upon plaintiff's amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983. From a review of this complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named defendants, and that plaintiff has failed to heed the court's previous order in filing his amended complaint. The court will therefore allow the plaintiff an opportunity to refine his allegations in a second amended complaint.

       Plaintiff was incarcerated at Okaloosa Correctional Institution ("OCI") at the time the events giving rise to this complaint took place, although he has since been transferred to Santa Rosa Correctional Institution. Named as defendants in this action are Jeffrey H. Pryor, M.E. Johnson, Lt. Felix W. Maples, Sgt. Julian Jones, Jennifer Haas, and Norma L. Kelly of OCI, and Mr. Walker of the Inspector General's Office. Plaintiff alleges that C.O. Pryor threatened to harm him because Pryor does not like people who elect to live an openly gay lifestyle, as does the plaintiff. Defendants Johnson, Jones, Maples, Haas, Kelly and Walker allegedly failed to protect the plaintiff after having been informed of the situation. Defendant Jones also allegedly wrote a false disciplinary report against the

plaintiff for failing to work after plaintiff refused to report to a work assignment where he was supervised by defendant Pryor.

The basis for plaintiff's fear of defendant Pryor is not well-articulated in the complaint. He speaks of a generalized fear, and in the attachments to the complaint refers to "incidents" that occurred with Officer Pryor, but offers few specifics. On one occasion Officer Pryor used "profane and abusive language" towards plaintiff when Pryor felt that plaintiff was not working hard enough. Plaintiff states that another "frightening episode" occurred when another inmate informed Pryor that the inmate had observed plaintiff writing a letter to a court requesting a form for filing a TRO. Plaintiff does not describe any interaction he had with Pryor as a result of this.

As in his previous complaint, plaintiff complains that his equal protection rights were violated as well as his due process rights. He asks that the disciplinary action taken against him be overturned, that he be let off close management status, and he seeks declaratory and injunctive relief, and punitive and nominal damages "in the amount of $600 a day from each defendant."

From plaintiff's allegations, it is still clear that he misapprehends the meaning of "equal protection." To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Sweet v. Secretary, Dept. Of Corrections,* 467 F.3d 1311 (11th Cir. 2006) (citing *Jones v. Ray,* 279 F.3d 944, 946-947 (11th Cir. 2001); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)). Plaintiff does not allege that he was similarly situated to other inmates or that he was treated in a discriminatory fashion based on a constitutionally protected interest. Even a liberal interpretation of plaintiff's amended complaint does not reveal any factual basis for an equal protection claim.

Furthermore, plaintiff is not entitled to obtain the monetary damages he seeks. Title 42 U.S.C. § 1997e(e) provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered

while in custody without a prior showing of physical injury." Plaintiff attempts to circumvent this by claiming that what he seeks is punitive damages. However, his allegations do not support an entitlement to such damages. In *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) the Supreme Court held that in § 1983 cases, punitive damages can only be awarded when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."

As part of the relief requested, plaintiff asks that the DR against him be overturned, and that he be released from close management status. Such a claim is more properly considered as habeas corpus. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Claims for restoration of gain time credit are properly treated as requests for habeas corpus relief. *Id*. at 489-90; *McKinnis v. Mosley*, 693 F.2d 1054, 1056-57 (11th Cir. 1982); *Johnson v. Hardy*, 601 F.2d 172, 173 (5th Cir. 1979). Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis*, 693 F.2d at 1057. Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The remedy of an extraordinary petition, specifically, a writ of mandamus or of habeas corpus, is available in the Florida Courts for plaintiff to pursue relief for his gain time issues. *See* FLA. CONST., art. V, § 5; FLA. R. CIV. P. 1.630, FLA. R. APP. P. 9.100. Further, plaintiff may file an appeal at the state level from an adverse decision of the lower court in this matter. *See* FLA. CONST., art. V,

§ 4; FLA. R. APP. P. 9.110. Until the DR is overturned, plaintiff's due process claim is premature.

To the extent plaintiff's allegations against defendant Pryor arise from alleged verbal harassment, he fails to state a claim, as a claim of verbal harassment is not cognizable under section 1983. As the Fifth Circuit has stated:

> as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations .... Were a prisoner ... entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits ....

*McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quotations and citations omitted). *See generally Evans v. City of Zebulon, GA,* 351 F.3d 485, 495-496 (11th Cir. 2003) (verbal taunts by other inmates or government officials do not violate constitutional rights), *vacated on other grounds, rehearing en banc* 407 F.3d 1272 (11th Cir. 2005); *see also Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)(mere allegations of verbal abuse do not present actionable Section 1983 claim); *Swoboda v. Dubach* 992 F.2d 286, 290 (10th Cir. 1993)(allegations that officers threatened to kill inmate not cognizable under Section 1983); *Hopson v. Fredricksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)(mere verbal threats generally do not constitute a Section 1983 claim); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993)(verbal harassment of prisoner failed to state a claim under the Eighth Amendment because the words did not terrorize the inmate with a threat of death); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973). Plaintiff has not alleged that any physical altercation actually took place between he and defendant Pryor that would give rise oto an allegation of an Eighth Amendment violation.

In amending, plaintiff should carefully review the foregoing, as well as the court's previous orders, to determine whether he can present allegations sufficient to state a

cause of action under the relevant law. If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form that has been marked "Second Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe <u>how each named defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)*; GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

      Plaintiff should file the second amended complaint with an original signature with the court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he need not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is

*Page 6 of 6*

premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number and the words "Second Amended Complaint" should be written on the form.

2. The plaintiff shall have **thirty (30) days** in which to file a second amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Failure to submit a second amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 17th day of May, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**