IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MARIO ARTUROW CHANDLER,
        Plaintiff,

vs.                                                              3:07cv15/LAC/MD

LT. FELIX W. MAPLES, et al.
              Defendants.

_____

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's second amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983. Leave to proceed *in forma pauperis* was granted and the initial partial filing fee has been paid (doc. 10 & 13).

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if plaintiff has not stated enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973 n.14, 1974 (2007). (once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint *11 in note 14) (abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S., at 45-46, 78 S.Ct. 99.))   Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was incarcerated at Okaloosa Correctional Institution ("OCI") at the time the events giving rise to this complaint took place, although he has since been transferred to Santa Rosa Correctional Institution.  Named as defendants in this action are Jeffrey H. Pryor, M.E. Johnson, Lt. Felix W. Maples, Sgt. Julian Jones, Jennifer Haas, and Norma L. Kelly of OCI, and Mr. Walker of the Inspector General's Office.  Plaintiff sues all defendants in their individual and official capacities.  Plaintiff alleges that C.O. Pryor retaliated against plaintiff for his use of the grievance procedure, violated unspecified security transport procedures, showed deliberate indifference to plaintiff because of his homosexual lifestyle, and made threats against him. Defendants Johnson, Jones, Maples, Haas, Kelly and Walker allegedly failed to protect the plaintiff after having been informed

of the situation through the grievance process.  Defendant Jones also allegedly wrote a false disciplinary report against the plaintiff for failing to work after plaintiff refused to report to a work assignment where he was supervised by defendant Pryor.  Plaintiff claims violations of the First, Eighth and Fourteenth Amendments as well as various provisions of the Florida Administrative Code, and seeks compensatory damages in the amount of $600 per day for the time period of July 12, 2006 through September 17, 2006 from each defendant.

The basis for plaintiff's fear of defendant Pryor is not well-articulated in the complaint.  He speaks of a generalized fear, and in the attachments to the complaint refers to "incidents" that occurred with Officer Pryor but offer few specifics.  On one occasion Officer Pryor used "profane and abusive language" towards plaintiff when Pryor felt that plaintiff was not working hard enough.  Plaintiff states that another "frightening episode" occurred when another inmate informed Pryor that the inmate had observed plaintiff writing a letter to a court requesting a form for filing a TRO.  Plaintiff does not describe any interaction he had with Pryor as a result of this.

To the extent plaintiff's allegations against defendant Pryor arise from alleged verbal harassment, he fails to state a claim, as a claim of verbal harassment is not cognizable under section 1983.  As the Fifth Circuit has stated:

> as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations ....  Were a prisoner ... entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits ....

*McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quotations and citations omitted). *See generally Evans v. City of Zebulon, GA,* 351 F.3d 485, 495-496 (11th Cir. 2003) (verbal taunts by other inmates or government officials do not violate constitutional rights), *vacated on other grounds, rehearing en banc* 407 F.3d 1272 (11th Cir. 2005); *see also Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)(mere allegations of verbal abuse do not present actionable Section 1983 claim); *Swoboda v. Dubach* 992 F.2d 286, 290 (10th Cir.

1993)(allegations that officers threatened to kill inmate not cognizable under Section 1983); *Hopson v. Fredricksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)(mere verbal threats generally do not constitute a Section 1983 claim);  *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993)(verbal harassment of prisoner failed to state a claim under the Eighth Amendment because the words did not terrorize the inmate with a threat of death); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973).   Plaintiff has not alleged that any physical altercation actually took place between he and defendant Pryor that would give rise oto an allegation of an Eighth Amendment violation.

It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his First Amendment rights. See *Farrow v. West*, 320 F.3d 1235, 1248 (11th  Cir. 2003); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.1997); *Wright v. Newsome*, 795 F.2d 964 968 (11th Cir. 1986); *Adams v. James*, 784 F.2d 1077, 1080 (11th Cir. 1986). Retaliation against an inmate for exercising a constitutional right may be a constitutional violation even if no separate and additional constitutional violation ensues.  *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989) (the retaliatory penalty need not rise to the level of a separate constitutional violation to state a claim); *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (an inmate may still present a First Amendment retaliation claim even though complaint alleges facts "that might not otherwise be offensive to the Constitution," such as a search or the confiscation and destruction of nonlegal materials); *Wilson v. Silcox*, 152 F.Supp.2d 1345, 1351 (N.D. Fla. 2001)(citing cases); *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) (retaliation based on a prisoner's exercise of his First Amendment rights violates the constitution). This is because "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising" his constitutional right to free speech, redress of grievances, or similar activity.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (quoting *Thomas,* 880 F.2d at 1242).

Although prisoners have a right to be free from retaliatory punishment for the exercise of a constitutional right, *Adams v. James*, 784 F.2d 1077, 1079-80 (11ᵗʰ Cir. 1986); *Bridges v. Russell*, 757 F.2d 1155 (11ᵗʰ Cir. 1985), broad, conclusory allegations of retaliation such as those presented by plaintiff in this case are insufficient to state a claim under section 1983.  *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6ᵗʰ Cir. 2005); *Goldsmith v. Mayor and City Council of Baltimore*, 987 F.2d 1064, 1071 (4ᵗʰ Cir. 1993); *Flittie v. Solem*, 827 F.2d 276, 281 (8ᵗʰ Cir. 1987); *Gill v. Mooney*, 824 F.2d 192, 194 (2ⁿᵈ Cir. 1987).  In order to state a claim, the retaliation complaint must identify both the retaliatory conduct and the underlying act that prompted the retaliation.  See *Harbin-Bey*, 420 F.3d at 579; *Higgs v. Carver*, 286 F.3d 437, 439 (7ᵗʰ Cir. 2002).  A prisoner-plaintiff in a retaliation case must first prove that the conduct which led to the alleged retaliation was constitutionally protected.  *Harbin-Bey,*420 F.3d at 579; *Rauser v. Horn*, 241 F.3d 330, 333 (3ʳᵈ Cir. 2001). He must then "sufficiently allege facts" establishing that the actions taken against him were in retaliation for, for instance, filing lawsuits and accessing the courts, and would not have happened but for the retaliatory motive.  *Wright v. Newsome*, 795 F.2d 964, 968 (11ᵗʰ Cir. 1986); *Harbin-Bey*, 420 F.3d at 579 (also requiring that the retaliatory act "would deter a person of ordinary firmness); *Jackson v. Fair*, 846 F.2d 811, 820 (1ˢᵗ Cir. 1988);  *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2ⁿᵈ Cir. 1983).  He has failed to do this in this case.  A plaintiff must come forward with more than "general attacks" upon the defendant's motivations and must produce "affirmative evidence" of retaliation.  *Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 750 (1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986)).  In addition, plaintiff's allegations of retaliation, which have not been mentioned in earlier complaints, clearly have not been administratively exhausted prior to filing this case.  Exhaustion of all available administrative remedies is mandatory, and is a pre-condition to suit.  Title 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Porter v. Nussle*,  534 U.S. 516, 524-25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time

and opportunity to address complaints internally before allowing the initiation of a federal case.").  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter v. Nussle*,  534 U.S. at 524, 122 S.Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both.  *Booth, supra* at 734, 121 S.Ct. at 1825.

With respect to plaintiff's claims against the other defendants, prison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983 on theory that failure to act constituted an acquiescence in the unconstitutional conduct. *Shehee v. Luttrell* 199 F.3d 295, 300 (6th Cir. 1999)*, cert. denied* 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *see also Lomholt v. Holder*, 287 F.3d 683, 683 (8th Cir. 2002) (defendants' denial of plaintiff's grievances did not state a substantive constitutional claim).   This is because liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999).  Plaintiff has not shown that the defendants did more than play a passive role in the alleged violation or showed mere tacit approval of the events, or that the defendants "otherwise encouraged or condoned" the allegedly unconstitutional actions. *Id.* at 206-207 (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)).

As noted above, plaintiff  sued all defendants in their official and individual capacities.  A plaintiff may not bring a § 1983 action for monetary damages against the state or state officials in their official capacities.  *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004).[1]  A suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v. Michigan Dept. of State Police*,

---

[1]A prisoner, however, may bring a § 1983 action against state officials in their official capacities, but only for prospective, injunctive relief.  *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004) (citing *Will*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10 105 L.Ed.2d 45 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985)); *Ex parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54, 52 L.Ed. 714 (1908); see *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir.1995); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir.1989)).

491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 (1989).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *See Federal Maritime Commission v. South Carolina State Ports Authority,*  535 U.S. 743, 122 S.Ct. 1864, 1877-78, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Department of Heath and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986).

Furthermore, as plaintiff was repeatedly instructed, he is not entitled to obtain the monetary damages he seeks. Title 42 U.S.C. § 1997e(e) provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Nor do his allegations support an entitlement to punitive damages.  In *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) the Supreme Court held that in § 1983 cases, punitive damages can only be awarded when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."

Finally, the court notes that although plaintiff has not specifically requested injunctive relief in his open-ended request for any other relief to which he may be entitled, any such claim is moot as he is no longer at the institution where the events complained of occurred.  See *Zatler v.Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987)(claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *McKinnon v. Talladega County,* 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 7th day of November, 2007.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).